UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW GEORGE QUINN,

          Petitioner,

  v.

HAROLD W. CLARKE,

          Respondent.

CASE NO. C05-1349-JCC

ORDER

     This matter comes before the Court on Andrew George Quinn's petition for writ of habeas corpus under 28 U.S.C. § 2254 (Admin. Record ("AR") (Dkt. No. 1)), the Report and Recommendation of United States Magistrate Judge Monica J. Benton ("R&R") (Dkt. No. 16), and Petitioner's objections to the R&R (Dkt. No. 17). Having reviewed the materials submitted by the parties and the complete record, and finding that oral argument is not necessary, the Court hereby finds and rules as follows.

I.     **BACKGROUND**

     On September 29, 1995, Petitioner Andrew George Quinn ("Petitioner") was convicted of first and second degree murder under RCW 9A.32.030(1)(a) and RCW 9A.32.050(1)(b) for shooting and killing Jason Jack on December 17, 1994. At trial, Petitioner did not dispute that he had shot Mr. Jack, but contended that he had acted in self-defense. Petitioner was sentenced to 360 months for first degree

ORDER – 1

murder, 217 months on second degree murder, ordered to undergo blood testing and community placement, and barred from contacting Mr. Jack's family. (Dkt. No. 11, Ex. 1 at 3.)

On June 26, 1996, Petitioner filed an appeal of his conviction and sentence with the Washington State Court of Appeals, claiming ineffective assistance of counsel, misapplication of the hearsay rule in excluding testimony by the trial court, and abuse of discretion by refusing to admit evidence related to gang affiliation or activity. (*Id*. Ex. 4.)  The court of appeals affirmed Petitioner's conviction, and the state supreme court denied review. (*Id*. Exs. 7-9.)  The court of appeals issued a mandate on October 13, 1997. (*Id.* Ex. 10.)

On October 9, 1998, Petitioner filed a Personal Restraint Petition ("PRP") in the Washington Court of Appeals, raising four grounds for relief: 1) the trial court's failure to instruct the jury on the lesser-included offenses of manslaughter in the first and second degrees deprived Petitioner of his right to a fair jury trial; 2) the trial court's jury instructions relating to self-defense denied Petitioner of his right to a fair jury trial; 3) ineffective counsel; and 4) Petitioner's two homicide convictions and sentences arising from a single death violated the double jeopardy clause of the state and federal constitutions. (*Id*. Ex. 11.)  On August 23, 1999, the court of appeals granted Petitioner's petition with respect to his double jeopardy claim, and remanded his case with instructions for the second degree felony murder conviction to be vacated.  In all other respects, Petitioner's PRP was denied. (*Id*. Ex. 13 at 15.)  The Washington Supreme Court denied review, and the court of appeals issued its mandate on May 5, 2000. (*Id.* Exs. 13 at 15, 16.)

On February 15, 2002, the trial court entered an amended judgement, dismissing and vacating the second degree murder conviction, and resentencing Petitioner for only first degree murder. (*Id*. Ex. 2.) Petitioner appealed the amended judgment to the Washington Supreme Court, claiming that his first degree murder conviction should have been vacated rather than the second degree murder conviction. (*Id*. Exs. 17, 18.)  The supreme court transferred the case to the court of appeals (*id.* Ex. 19), which affirmed Petitioner's sentence for first degree murder. (*Id*. Ex. 22.)  Petitioner's Petition for Review with

ORDER – 2

the Washington Supreme Court claiming that the first degree murder conviction should have been vacated rather than the second degree conviction under the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment (*id*. Ex. 23) was denied on July 7, 2004 (*id.* Ex. 24), and the court of appeals issued a mandate on August 3, 2004. (*Id*. Ex. 25.)

On August 2, 2005, Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. No. 1) with this Court. Magistrate Judge Monica J. Benton recommended in her R&R that Petitioner's federal habeas corpus petition be denied, and that the action be dismissed with prejudice. (Dkt. No. 16.) In his objection to the R&R, Petitioner claims that the first degree murder conviction should have been vacated rather than the second degree conviction under the Double Jeopardy Clause of the Fifth Amendment and the Due Process Clause of the Fourteenth Amendment. (Dkt. No. 17.)

## II. STANDARD OF REVIEW

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1)-(2) (Supp. 2005). A state court decision is contrary to Supreme Court precedent if the state court (1) arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronted facts that are materially indistinguishable from relevant Supreme Court precedent but arrived at an opposite conclusion. *See Williams v. Taylor*, 529 U.S. 362, 405–6 (2000).

## III. ANALYSIS

*A. Double Jeopardy Clause of the Fifth Amendment*

The Double Jeopardy Clause of the Fifth Amendment forbids "any person be subject for the same

ORDER – 3

offence to be twice put in jeopardy of life or limb." This protection applies to both successive punishments and successive prosecutions for the same criminal offense. *United States. v. Dixon*, 509 U.S. 688, 696 (1993). Here, the court of appeals recognized that convicting Petitioner of both first and second degree murder violated the double jeopardy clause, and remanded the case for the trial court to vacate and dismiss the second degree murder conviction. (Dkt. No. 11, Ex. 13 at 15.) Petitioner was resentenced on February 15, 2002, on only *one* count of first degree murder, of which the jury had found him guilty. *(Id.* Ex. 2.) Therefore, there is no longer a double jeopardy violation. Petitioner argues that the remedy to his double jeopardy violation should have been to vacate the greater degree of homicide. However, that claim is a state sentencing issue that is not grounds for federal relief under the Double Jeopardy Clause of the Fifth Amendment because there is no longer a double jeopardy violation.

*B. Due Process Clause of the Fourteenth Amendment*

There is no federal relief for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (citing *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("a writ of habeas corpus disturbing a state-court judgment may issue only if it is found that a prisoner is in custody 'in violation of the Constitution or laws or treaties of the United States.' 28 U.S.C. § 2241(c)(3) (1976)")). Ordinarily, rules of sentencing do not raise constitutional issues which may be reached by habeas proceedings. *Johnson v. Arizona,* 462 F.2d 1352, 1353–54 (9th Cir. 1972) (citing *Adams v. Eyman*, 418 F.2d 911, 911 (9th Cir. 1969)). Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief. *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (citing *Bueno v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993)).

Petitioner acknowledges that Washington courts have held that the appropriate remedy for a double jeopardy violation is vacation of the "lesser" conviction. (Dkt. No. 17 at 4.) *See In re Burchfield*, 46 P.3d 840, 845 (Wash. Ct. App. 2002) (citing *State v. Portrey*, 10 P.3d 481, 486 (Wash. Ct. App. 2000)). *See also State v. Cunningham*, 598 P.2d 756, 777 (Wash. Ct. App. 1980), *rev'd on other grounds* ("When a finding of guilty is made regarding both the greater and lesser-included offense, the

ORDER – 4

entry of judgment for the lesser-offense must be vacated, as it is deemed to have merged in the finding of guilty of the greater offense."). Given that the trial court was expressly directed by the court of appeals to vacate the second degree murder charge (Ex. 13 at 15), and that this direction comports with applicable Washington law, the Court finds no "fundamental unfairness."

Also, a jury found that the evidence presented at trial met the elements required to convict the petitioner of both first and second degree murder. (Ex. 11, Appendix B.) If the first degree murder charge is vacated, it would negate the jury's determination that petitioner committed first degree murder. The vacation of one of the convictions was to remedy the violation of the Double Jeopardy Clause, not to acquit the petitioner of his crime.

Petitioner cites United States Supreme Court cases *Morris v. Mathews*, 475 U.S. 237 (1986), and *Brown v. Ohio,* 432 U.S. 161 (1977), to support his argument. However, these cases are distinguishable because both petitioners in these cases were convicted of one crime and then indicted on another charge separately. In the instant case, petitioner was found guilty of both crimes at the same trial by the same jury.

Petitioner further argues that there has been a violation of the Due Process Clause under the rule of lenity. Because the rule of lenity is inapplicable to the current case, the Court finds no due process violation.

The Washington Supreme Court has held that "the rule of lenity provides that if a *criminal* statute is ambiguous, it is to be interpreted in favor of the defendant." *State v. Radan*, 21 P.3d 255, 258 (Wash. 2001) (en banc) (emphasis added) (citing *State v. Lively*, 921 P.2d 1035, 1042 (Wash. 1996) (en banc)). The United States Supreme Court has similarly held that "ambiguity concerning the ambit of *criminal* statutes should be resolved in favor of lenity." *United States v. Bass*, 404 U.S. 336, 347 (1971) (emphasis added) (citing *Rewis v. United States*, 401 U.S. 808, 812 (1971)).

A criminal statute is defined as "a law that defines, classifies, and sets forth punishment for one or more specific crimes." BLACK'S LAW DICTIONARY 1448 (8th ed. 2004).

ORDER – 5

> In deciding whether or not a law is penal, [the United States Supreme Court] has generally based its determination upon the purpose of the statute. If the statute imposes a disability for the purposes of punishment—that is, to reprimand the wrongdoer, to deter others, etc., it has been considered penal. But a statute has been considered nonpenal if it imposes a disability, not to punish, but to accomplish some other legitimate governmental purpose.

*Trop v. Dulles*, 356 U.S. 86, 95 (1958). Neither the state nor federal double jeopardy clause meet the definition of a criminal statute. They do not set forth a penalty for violating the clause and are not intended to punish, but instead to "ensure that sentencing courts do not exceed, by the device of multiple punishments, the limits prescribed by the legislative branch of the government." *Jones v. Thomas*, 491 U.S. 376, 381 (1989). Therefore, because the rule of lenity applies only to criminal statutes, and the Double Jeopardy Clause is noncriminal, Petitioner's due process rights were not violated by the state court's refusal to apply the rule in his favor.

## IV. CONCLUSION

For the foregoing reasons, the Court ADOPTS the Report and Recommendation. Petitioner's petition is therefore DENIED and DISMISSED with prejudice. The Clerk is DIRECTED to send copies of this Order to Petitioner, Respondent, and Magistrate Judge Benton.

SO ORDERED this 26th day of July, 2006.

*/s/ John C. Coughenour*
UNITED STATES DISTRICT JUDGE

ORDER – 6